| **Fill in this information to identify the case:** |
|---|
| United States Bankruptcy Court for the: |
| Southern District of Texas (State) |
| Case number *(if known)*: _____  Chapter  11 |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Jones Energy, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | <u>80-0907968</u> |
| 4. | **Debtor's address** | **Principal place of business**<br><br><u>807 Las Cimas Parkway, Suite 350</u><br>Number          Street<br><u>Suite 100</u><br><br>P.O. Box<br><u>Austin, Texas       78746</u><br>City          State     Zip Code<br><br><br><u>Travis</u><br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>Number          Street<br><br>P.O. Box<br><br>_____<br>City          State     Zip Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number          Street<br><br><br>_____<br>City          State     Zip Code |
| 5. | **Debtor's website** (URL) | www.jonesenergy.com |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor    Jones Energy, Inc.                                             Case number *(if known)*

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2111 (Oil and Gas Extraction)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☒ A plan is being filed with this petition.

  ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When (MM/DD/YYYY) | Case number |
|---|---|---|---|
| | | | |
| | District | When (MM/DD/YYYY) | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases.  If more than 1, attach a separate list.

Debtor **See Rider 1**         Relationship **Affiliate**

District **Southern District of Texas**

When **04/14/2019** (MM / DD / YYYY)

Case number, if known _____

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 2

| Debtor | Jones Energy, Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number    Street

_____
City                State   Zip Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49             ☐ 1,000-5,000       ☐ 25,001-50,000
☐ 50-99            ☐ 5,001-10,000      ☐ 50,001-100,000
☐ 100-199          ☐ 10,001-25,000     ☐ More than 100,000
☒ 200-999

**15. Estimated assets[1]**

☐ $0-$50,000              ☒ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

---

[1] Based on book value as of February 28, 2019. For information regarding valuation of this debtor and its debtor affiliates, see Exhibit F to the *Disclosure Statement for the Joint Chapter 11 Plan of Jones Energy, Inc. and its Debtor Affiliates*, filed contemporaneously herewith.

| Debtor | Jones Energy, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **04/14/2019**
              MM/ DD / YYYY

✗   **/s/ Carl F. Giesler, Jr.**            **Carl F. Giesler, Jr.**
    Signature of authorized representative of debtor    Printed name

Title   **Chief Executive Officer**

**18. Signature of attorney**

✗   **/s/ Matthew D. Cavenaugh**           Date   **04/14/2019**
    Signature of attorney for debtor              MM/ DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number          Street

**Houston**                                   **Texas**        **77010**
City                                          State            ZIP Code

**(713) 752-4200**                            **mcavenaugh@jw.com**
Contact phone                                 Email address

**24062656**                         **Texas**
Bar number                           State

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 4

| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: Southern District of Texas (State) | |
| Case number *(if known)*: _____  Chapter __11__ | ☐ Check if this is an amended filing |

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Jones Energy, Inc.

- Jones Energy, Inc.
- Jones Energy, LLC
- CCPR Sub LLC
- Jones Energy Finance Corp.
- Jones Energy Holdings, LLC
- Jones Energy Intermediate, LLC
- JRJ Opco, LLC
- Nosley Acquisition, LLC
- Nosley Assets, LLC
- Nosley Midstream, LLC
- Nosley SCOOP, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JONES ENERGY, INC., | ) Case No. 19-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **001-36006**

2. The following financial data is the latest available information and refers to the debtor's condition on **February 28, 2019**

   (a) Total assets     $ **405,575,000.00 (consolidated)**[1]

   (b) Total debts (including debts listed in 2.c., below)     $ **1,116,839,000.00 (consolidated)**

   (c) Debt securities held by more than 500 holders     **None**

   Approximate number of holders:

   | | | | | |
   |---|---|---|---|---|
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ | |

   (d) Number of shares of preferred stock     **518,655 shares outstanding**

   (e) Number of shares of common stock     **7,107,520 shares outstanding**

   Comments, if any:

3. Brief description of debtor's business:  **The Debtors are an Austin, Texas-based independent oil and gas company engaged in the exploration, development, production, and acquisition of oil and gas properties in the Anadarko Basin in Oklahoma and Texas.**

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **JVL Advisors, L.L.C. (11.63%); Metalmark Capital (9.82%); Jonny Jones and Jones Family (8.70%); Citadel Securities - Kenneth Griffin (5.12%)**

---

[1] Based on book value as of February 28, 2019.  For information regarding valuation of this debtor and its debtor affiliates, see <u>Exhibit F</u> to the *Disclosure Statement for the Joint Chapter 11 Plan of Jones Energy, Inc. and its Debtor Affiliates*, filed contemporaneously herewith.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JONES ENERGY, INC., | ) | Case No. 19-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holders | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| Jones Energy, Inc. | Q Global Advisors LLC | 301 Commerce St., Suite 3200 Austin, TX 78701 | Series A preferred Stock | 8.51% |
| Jones Energy, Inc. | JVL Advisors, L.L.C. | 10000 Memorial Drive Houston, TX 77024 | Class A common stock | 11.63% |
| Jones Energy, Inc. | Metalmark Capital | 1177 Avenue of the Americas, 40th Floor New York, NY 10036 | Class A common stock | 9.82% |
| Jones Energy, Inc. | Jonny Jones and Jones Family | 807 Las Cimas Parkway, Suite 245 Austin, TX 78746 | Class A common stock | 8.70% |
| Jones Energy, Inc. | Citadel Securities - Kenneth Griffin | 18 East Sunrise Highway #311 Freeport, NY 11520 | Class A common stock | 5.12% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) ) Chapter 11 |
| JONES ENERGY, INC., | ) ) Case No. 19-_____(___) |
| Debtor. | ) ) ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| JVL Advisors, L.L.C. | 11.63% |

| | **Fill in this information to identify the case:** | |
|---|---|---|
| | Debtor name        Jones Energy, Inc., e*t al.* | |
| | United States Bankruptcy Court for the:        Southern District of Texas | ☐ Check if this is an amended filing |
| | Case number *(If known)*:                                    (State) | |

Official Form 204

Chapter 11 or Chapter 9 Cases:  Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number and email address of creditor contact** | **Nature of claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff [1]** | **Unsecured Claim** |
| 1 | U.S. Bank National Association, as Indentured Trustee ATTN: Diana Jacobs Vice President Global Corporate Trust 1420 Fifth Avenue, 7th Floor Seattle, WA  98101 United States | Diana Jacobs EMAIL:  diana.jacobs@usbank.com PHONE:  206-344-3795 | 6.75% Senior Notes Due 2022 & 9.25% Senior Notes Due 2023 | | | | $582,100,000.00 |
| 2 | Brandi Combs, Individually and as Next Friend of Colson Combs C/O Gum Puckett Mackecie ATTN: April Coffin 105 N. Hudson Street Suite 900 Oklahoma City, OK  73102 United States | EMAIL:  abcoffin@gpmlegal.net PHONE:  405-488-1212 FAX:  405-488-1216 | Litigation | Contingent, Unliquidated, & Disputed | | | Undetermined |
| 3 | Weatherford Artificial Lift Systems ATTN: Christina M. Ibrahim General Counsel 2000 St. James Place Houston, TX  77056 United States | Christina M. Ibrahim EMAIL:  Christina.ibrahim@weatherford.com PHONE:  713-836-4000 FAX:  713-836 -5050 | Trade Payable | | | | $148,377.19 |
| 4 | IHS Global Inc. ATTN: Sari Granat General Counsel 15 Inverness Way E Engelwood, CO  80112-5710 United States | Sari Granat EMAIL:  sari.granat@ihsmarkit.com PHONE:  303-790-0600 FAX:  303-397-2599 | Trade Payable | | | | $135,665.52 |
| 5 | O & B Tank Company Inc. ATTN: CJ Skipper President 512 West Hwy 15 Darrouzett, TX  79024 United States | CJ Skipper EMAIL:  andrewobtank@gmail.com PHONE:  806-624-3431; 806-202-6610 | Trade Payable | | | | $129,180.37 |

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 6 | A & A Tank Truck Co<br>ATTN: Marshall Brackin<br>President<br>3230 Bart Conner Drive<br>Norman, OK  73072<br>United States | Marshall Brackin<br>EMAIL:  delcy.burford@oesinc.com<br>PHONE:  405-364-2601;<br>405-642-5665 | Trade Payable | | | | $90,505.33 |
| 7 | PCS Oilfield Service<br>ATTN: Ed Purcell<br>Owner<br>10918 Shanna St<br>Canadian, TX  79014<br>United States | Ed Purcell<br>EMAIL:  epurcell@pcsoilfield.com<br>PHONE:  806-323-8007<br>FAX:  713-533-8158 | Trade Payable | | | | $90,022.68 |
| 8 | Firestone Trucking<br>ATTN: Chris Firestone<br>President<br>23 NW Main<br>Minco, OK  73059<br>United States | Chris Firestone<br>EMAIL:  afirestone@firestonetrucking.com<br>PHONE:  405-352-5959<br>FAX:  405-352-5243 | Trade Payable | | | | $73,335.60 |
| 9 | Echometer Company<br>ATTN: Jim McCoy<br>President<br>5001 Ditto Lane<br>Wichita Falls, TX  76302<br>United States | Jim McCoy<br>EMAIL:  info@echometer.com<br>PHONE:  940-767-4334<br>FAX:  940-723-7507 | Trade Payable | | | | $68,294.83 |
| 10 | C&J Spec Rent Services, Inc.<br>ATTN: Arnold Saucedo<br>Sales Account Manager<br>3990 Rogerdale Rd<br>Houston, TX  77042<br>United States | Arnold Saucedo<br>EMAIL:  arnold.saucedo@cjes.com<br>PHONE:  361-877-6348<br>FAX:  361-767-2649 | Trade Payable | | | | $59,605.20 |
| 11 | Garrison Brothers Pipe & Used Equipment<br>ATTN: Monte Walbaum<br>Operations Manager<br>2401 Spur Lane<br>PO Box 967<br>El Reno, OK  73036<br>United States | Monte Walbaum<br>EMAIL:  montewalbaum@yahoo.com<br>PHONE:  405-834-8400 | Trade Payable | | | | $53,790.14 |
| 12 | Western Hot Oil Service Inc.<br>ATTN: Richie Gastineau<br>Chief Executive Officer<br>501 N Main St<br>Perryton, TX  79070<br>United States | Richie Gastineau<br>EMAIL:  Info@westernhotoil.com<br>PHONE:  806-435-4439<br>FAX:  806-435-4398 | Trade Payable | | | | $50,602.68 |
| 13 | Complete Energy Services, Inc.<br>ATTN: Justin Boyd<br>President<br>4727 Gaillardia Parkway<br>Oklahoma City, OK  73142<br>United States | Justin Boyd<br>EMAIL:<br>PHONE:  281-372-2300<br>FAX:  281-372-2301 | Trade Payable | | | | $48,160.00 |
| 14 | RK&R Dozer Service<br>ATTN: Ronnie Robinson<br>Owner<br>15200 W 6th St<br>Orlando, OK  73073<br>United States | Ronnie Robinson<br>EMAIL:  lori@rkrdozerservice.com<br>PHONE:  405-880-0680 | Trade Payable | | | | $44,568.42 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 15 | Tucker Construction Company<br>ATTN: Mark Walck<br>Vice President<br>915 SE 4th Street<br>PO Box 442<br>Lindsay, OK  73052<br>United States | Mark Walck<br>EMAIL:  mark@tuckerconst.com; kkruse@tuckerconst.com<br>PHONE:  405-756-3958<br>FAX:  405-756-2558 | Trade Payable | | | | $43,622.50 |
| 16 | J D Rush Corporation<br>ATTN: Rick Whitefield<br>Senior Vice President & General Manager<br>2 Northpoint Drive<br>Suite 150<br>Houston, TX  77060<br>United States | Rick Whitefield<br>EMAIL:  rickw@jdrushcorp.com<br>PHONE:  281-558-8004<br>FAX:  281-558-8044 | Trade Payable | | | | $38,483.01 |
| 17 | Baker Hughes Oilfield Ops LLC<br>ATTN: Brandon Lawver<br>Sales Lead<br>17021 Aldine Westfield Rd<br>Houston, TX  77073-5101<br>United States | Brandon Lawver<br>EMAIL: brandon.lawver@bhge.com<br>PHONE:  817-565-6548 | Trade Payable | | | | $37,752.50 |
| 18 | PCS Ferguson, Inc.<br>ATTN: Jim Strief<br>District Manager Plunger Lift<br>9733 N. W. 6th Street<br>Oklahoma City, OK  73127<br>United States | Jim Strief<br>EMAIL: susan.johnson@apergy.com<br>PHONE:  405-440-1015; 405-550-4615 | Trade Payable | | | | $37,358.17 |
| 19 | Flow Testing, Inc.<br>ATTN: Mike Sossaman<br>Owner<br>1125 West Washington Ave<br>Krebs, OK  74554<br>United States | Mike Sossaman<br>EMAIL:  flowtesting@yahoo.com; flowtestingmike@yahoo.com<br>PHONE:  918-423-0017; 918-429-8831<br>FAX:  918-423-0087 | Trade Payable | | | | $33,600.00 |
| 20 | T&R Engine and Compressor Service<br>ATTN: Terry L. Dorman<br>President & Owner<br>514 SW 3rd Ave<br>Perryton, TX  79070<br>United States | Terry L. Dorman<br>EMAIL: tandrcompressor@gmail.com<br>PHONE:  806-648-3186; 806-202-2462 | Trade Payable | | | | $30,779.24 |

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name        Jones Energy, Inc. |
| United States Bankruptcy Court for the:        Southern District of Texas (State) |
| Case number (If known): |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration_____List of Equity Security Holders, Corporate Ownership Statement and Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**04/14/2019**
MM/ DD/YYYY

☒ */s/ Carl F. Giesler, Jr.*
Signature of individual signing on behalf of debtor
**Carl F. Giesler, Jr.**
Printed name
**Chief Executive Officer**
Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors

*EXECUTED*

**JONES ENERGY, INC.**
**Written Consent of the Board of Directors**

**April 14, 2019**

WHEREAS, the members of the Board of Directors (the "<u>Board</u>") of Jones Energy, Inc., a Delaware corporation (the "<u>Company</u>"), have unanimously consented in writing (including by electronic transmission) to taking action with respect to the preambles and resolutions contained on <u>Exhibit A</u>, attached hereto, pursuant to Section 141(f) of the Delaware General Corporation Law and section 3.8 of the Amended and Restated Bylaws of the Company.

IN WITNESS WHEREOF, the undersigned, being a member of the Board, hereby consents to, approves, and adopts the preambles and resolutions contained on **Exhibit A**, which is attached hereto.

*/s/ Jonny Jones*
Jonny Jones

*/s/ Carl F. Giesler, Jr.*
Carl F. Giesler, Jr.

*/s/ Alan D. Bell*
Alan D. Bell

*/s/ Tara Lewis*
Tara Lewis

*/s/ Hal S. Washburn*
Hal S. Washburn

*/s/ Stephen Jones*
Stephen Jones

*/s/ Spencer Wells*
Spencer Wells

## EXHIBIT A

The Board of Directors (the "Board") of Jones Energy, Inc. (the "Company"), a Delaware corporation, hereby unanimously takes the following actions and adopts the following resolutions:

## CHAPTER 11 FILING

**WHEREAS** the Board has considered certain materials presented by the Company's management and financial and legal advisors, including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on the Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS** the Board has had the opportunity to consult with the Company's management and the financial and legal advisors and consider each of the strategic alternatives available to the Company.

**NOW, THEREFORE, BE IT RESOLVED** that in the judgment of the Board, it is desirable and in the best interests of the Company, that the Company shall be, and hereby is, authorized to file, or cause to be filed, voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

**FURTHER RESOLVED** that the Company's appointed officers (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and each of them hereby is authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents as necessary to commence the Chapter 11 Cases and obtain chapter 11 relief, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses.

## CASH COLLATERAL AND ADEQUATE PROTECTION

**WHEREAS** the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain holders of the Company's 9.25% Senior Secured First Lien Notes due 2023 (collectively, the "Prepetition Secured Parties");

**NOW, THEREFORE, BE IT FURTHER RESOLVED** that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Prepetition Secured Parties (the "Adequate Protection Obligations"), as documented in a proposed interim and final orders (the "Cash Collateral Orders") and submitted for approval to the Bankruptcy Court;

**FURTHER RESOLVED** that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and

to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Orders;

**FURTHER RESOLVED** that each of the Authorized Signatories be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to seek approval of the use of cash collateral pursuant to the Cash Collateral Orders, and, to the extent applicable to the Company, any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, as necessary or advisable to implement the Cash Collateral Orders, including providing for adequate protection to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with the Company's Chapter 11 Cases, which agreement(s) may require the Company to grant adequate protection and security interests to the Prepetition Secured Parties and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory, in his absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**FURTHER RESOLVED** that each of the Authorized Signatories be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute, deliver, and file any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Orders or to take any other action which shall in his/her or their absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her, or their execution thereof.

## FILING OF THE CHAPTER 11 PLAN

**WHEREAS** the Company, with the assistance of their advisors, has formulated a plan of reorganization under chapter 11 of the Bankruptcy Code (as amended or restated from time to time, the "<u>Plan</u>") and a disclosure statement with all related exhibits thereto for soliciting support for the Plan among the constituencies permitted to vote for the Plan under the Bankruptcy Code (as amended or restated from time to time, the "<u>Disclosure Statement</u>");

**WHEREAS** the Board has reviewed the Plan and Disclosure Statement and have had the opportunity to consult with the Company's advisors concerning the Plan and Disclosure Statement;

**WHEREAS**, in the judgment of the Board, it is desirable and in the best interest of the Company's creditors and other stakeholders that the Company files the Plan and Disclosure Statement with the Bankruptcy Court, amends or restates the Plan and/or Disclosure Statement from time to time as may be necessary in the reasonable judgment of the Authorized Signatories, and seeks confirmation of the Plan;

**NOW, THEREFORE, BE IT RESOLVED FURTHER** that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other stakeholders that the Authorized Signatories file or cause to be filed the Plan, the Disclosure Statement, and all

other papers or documents (including any amendments) related thereto, and to take any and all actions, that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan;

**RESOLVED FURTHER** that the Authorized Signatories acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed, together with the Company's advisors, to file all other documents deemed necessary to confirm, a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan and Disclosure Statement; and

**RESOLVED FURTHER** that the Authorized Signatories of the Company acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

**RETENTION OF PROFESSIONALS**

**NOW, THEREFORE, BE IT FURTHER RESOLVED** that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the following professionals on behalf of the Company:  (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, as general bankruptcy counsel, (ii) the law firm of Jackson Walker L.L.P., as co-bankruptcy counsel and conflicts counsel, (iii) Evercore Group L.L.C., as financial advisor, (iv) Alvarez & Marsal North America, LLC, as restructuring advisor, (v) Deloitte Tax LLP, as tax restructuring advisor, (vi) Epiq Corporate Restructuring, LLC, as notice and claims agent, (vii) Baker Botts LLP, as special corporate counsel, and (viii) any other legal counsels, accountants, financial advisors, restructuring advisors or other professionals the Authorized Signatories deem necessary, appropriate or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and applicable law (including, but not limited to, the law firms filing any pleadings and responses); and in connection therewith, each of the Authorized Signatories be, and hereby is authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to reach such services.

**GENERAL**

**NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action to: execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents; and pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED,** that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board; and

**FURTHER RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be and hereby is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

\* \* \* \* \*