## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JONES ENERGY, INC., *et al.*,[1] | ) | Case No. 19-32112 (DRJ) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## REORGANIZED DEBTORS' MOTION FOR ENTRY OF FINAL DECREE CLOSING THE CHAPTER 11 CASE OF JONES ENERGY, INC.

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors" and,

before the Effective Date of the Plan (each as defined herein), the "Debtors"), respectfully state

the following in support of this motion (this "Motion"):

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: Jones Energy, Inc. (7968); Jones Energy, LLC (8861); CCPR Sub LLC (0942); Jones Energy Finance Corp. (6247); Jones Energy Holdings, LLC (5091); Jones Energy Intermediate, LLC (3552); JRJ Opco, LLC (1488); Nosley Acquisition, LLC (1548); Nosley Assets, LLC (6460); Nosley Midstream, LLC (8315); and Nosley SCOOP, LLC (1108). The location of Jones Energy, LLC's principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is: 807 Las Cimas Parkway, Suite 350, Austin, TX 78746.

## Relief Requested

1.      The Reorganized Debtors seek entry of a final decree, substantially in the form attached hereto as **Exhibit A** (the "Final Decree"):   (a) closing the chapter 11 case of Jones Energy, Inc. (the "Lead Case"); and (b) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Reorganized Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 350(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3022, and the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

5.      On April 14, 2019 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Carl F. Giesler, Jr., Chief Executive Officer of Jones Energy, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 7].

## The Bankruptcy Cases

6.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On May 6, 2019, the Court confirmed the *Joint Chapter 11*

2

*Plan of Reorganization of Jones Energy, Inc. and its Debtor Affiliates (Technical Modifications)* (as modified, amended, or supplemented from time to time, the "Plan") and entered the *Order Approving the Debtors' Disclosure Statement for, and Confirming, the Debtors' Joint Chapter 11 Plan of Reorganization of Jones Energy, Inc. and its Debtor Affiliates* [Docket No. 180] (the "Confirmation Order").  On May 17, 2019 (the "Effective Date"), the Plan became effective and the Reorganized Debtors emerged from chapter 11.

7.      On May 17, 2019, the Court entered the *Final Decree Closing Certain of the Chapter 11 Cases* [Docket No. 218] closing each of the above-captioned cases except for the Lead Case (the "Affiliate Cases").

8.      On July 1, 2019, the Debtors' retained professionals filed fee applications (the "Fee Applications"), which were approved by the Court on July 23, 2019 and July 24, 2019.  In addition, on August 12, 2019, Kirkland & Ellis, LLP and Kirkland & Ellis International LLP, attorneys for the Debtors, filed supplement to its Fee Application, which was approved by the Court on August 15, 2019.  No further requests for professional fees are anticipated.

9.      Since the Petition Date, 24 proofs of claim have been filed against the Debtors.  As of the date hereof, the Reorganized Debtors believe that all of these claims, to the extent allowed, either (a) have received treatment in accordance with the Plan or (b) were left unaltered by the bankruptcy.

| No. | Claimant | Claim Amount | Claim Type |
|-----|----------|--------------|------------|
| 1 | MS Department of Revenue | $0.00 | Tax Claims |
| 2 | Woolslayer Plaintiffs, et al | $3,631,088.24 | Litigation/Royalties |
| 3 | PROTIVITI | $490.00 | Goods Sold/Services (Trade Claim) |
| 4 | Dell Financial Services, LLC | $5,730.32 | Bank Debt/Credit Facility |
| 5 | Montague County | $15.45 | Tax Claims |
| 6 | Woolslayer Plaintiffs et al | $3,631,088.24 | Litigation/Royalties |

| No. | Claimant | Claim Amount | Claim Type |
|-----|----------|--------------|------------|
| 7 | Reaves County Appraisal District et al | $41.75 | Tax Claims |
| 8 | Texas Workforce Commission[2] | $39,515.90 | Tax Claims (withdrawn) |
| 9 | RLI Insurance Company | "Undetermined" | Surety Bonds |
| 10 | RLI Insurance Company | "Undetermined" | Surety Bonds |
| 11 | RLI Insurance Company | "Undetermined" | Surety Bonds |
| 12 | Cooke County Appraisal District | $43.42 | Tax Claims |
| 13 | ERA ISD | $36.42 | Tax Claims |
| 14 | The Quintin Little Company Inc. | $756,199.37 | Litigation |
| 15 | The Quintin Little Company Inc. | $717,717.99 | Litigation |
| 16 | Barry K. Bornemann | $0.00 | Royalty Owner/Mineral Rights |
| 17 | U.S. Bank N.A. d/b/a U.S. Bank Equipment Finance | $80,351.95 | Equipment Lease |
| 18 | FRANKLIN ISD | $3,343.31 | Tax Claims |
| 19 | Cellco Partnership d/b/a Verizon Wireless, on behalf of its affiliates and subsidiaries | $1,005.98 | Goods Sold/Services (Trade Claim) |
| 20 | CT Corporation | $95,583.34 | Goods Sold/Services (Trade Claim) |
| 21 | U.S. Bank N.A. d/b/a U.S. Bank Equipment Finance | $80,351.95 | Equipment Lease |
| 22 | Department of the Treasury - IRS | $14,999.97 | Tax Claims |
| 23 | US Department of the Interior/ Office of Natural Resources Revenue | $37,594.58 | Royalties |
| 24 | Department of the Treasury - IRS | $9,999.98 | Taxes |

10.     To the extent parties have claims that were not addressed through the Plan, such claims shall not be extinguished, but rather shall ride through the bankruptcy, and the Reorganized Debtors shall address such claims in the ordinary course, as set forth in section VII.A. of the Plan.

---

[2]     This claim was withdrawn.

11.     Parties are not prejudiced by this approach, and any party that filed a proof of claim retains all of its rights to address such claim under applicable law.[3] Further, the Reorganized Debtors reserve all rights to dispute any asserted claims, and the failure of the Reorganized Debtors to object to any claim filed in these chapter 11 cases shall not cause such claim to be deemed allowed.

<u>**Basis for Relief**</u>

**I.     Entry of a Final Decree Closing the Lead Case in Appropriate Under the Circumstances.**

12.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

13.     The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules.  The Advisory Committee Note to Bankruptcy Rule 3022 (the "<u>Advisory Committee Note</u>"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

    c.    whether the property proposed by the plan to be transferred has been transferred;

---

[3]    Moreover, pursuant to section VII.A. of the Plan, "all Proofs of Claims filed after the Effective Date shall be disallowed and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against any Reorganized Debtors, without the need for any objection by the Reorganized Debtors or any further notice or action, order, or approval of the Bankruptcy Court."

> d.      whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
>
> e.      whether payments under the plan have commenced; and
>
> f.      whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  Courts look "to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).

14.      In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated.  *See, e.g.*, *In re JCP Props., Ltd.*, 540 B.R. at 605 (commenting that "substantial consummation is the pivotal question here to determine the propriety of closing the [case]"); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); Walnut Assocs. v. Saidel, 164 B.R. 487, 493 (E.D. Pa. 1994) (same).[4]

15.      As of the date hereof, these chapter 11 cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Final Decree.  In particular:

> a.      the Confirmation Order has become final and is non-appealable;
>
> b.      the Reorganized Debtors have emerged from chapter 11;

---

[4]      Section 1101(2) of the Bankruptcy Code defines substantial consummation as the:  "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

c.     all payments required to be made pursuant to the Plan have been paid or provided for as of the Effective Date;

d.     the Reorganized Debtors have assumed the business and management of the property dealt with by the Plan;

e.     all anticipated motions, contested matters, and adversary proceedings in these chapter 11 cases have been or will be resolved at or before the hearing on this Motion;

f.     all of the transactions contemplated by the Plan closed on the Effective Date; and

g.     the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

16.     Accordingly, the Debtors anticipate no further need for the Court's administration. Moreover, to the extent any issue arises subsequently, the Confirmation Order expressly provides that this "Court may properly, and upon the Effective Date shall, to the full extent set forth in the Plan, retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases, including the matters set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code." *See* Confirmation Order ¶ 71.

17.     Furthermore, any party in interest may petition the Court to reopen this chapter 11 case pursuant to section 350(b) of the Bankruptcy Code, despite the entry of the final decree closing this case. *See* Bankruptcy Rule 5010. Accordingly, no party in interest will be prejudiced by entry of a final decree and such an order will facilitate the Reorganized Debtors' "fresh start" from bankruptcy. In fact, entry of the proposed Final Decree will assist the Reorganized Debtors by relieving them of the obligations to comply with the U.S. Trustee's quarterly reporting

24404932v.2 131083/00003

requirements, and to pay quarterly U.S. Trustee fees, which will in turn enhance their chances of success post-emergence.

18.     Pursuant to the Plan, each of the Reorganized Debtors shall have and retain any and all rights and defenses such Debtor had with respect to any claim or interest immediately prior to the Effective Date.

19.     For the foregoing reasons, the Reorganized Debtors submit that the Court should enter the Final Decree.

### Notice

20.     The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wells Fargo Bank, N.A. as administrative agent under the Debtors' credit agreement and collateral agent under the Debtors' 9.25% first lien secured notes; (d) UMB Bank, N.A. as indenture trustee under the Debtors' 9.25% first lien secured notes due 2023; (e) U.S. Bank National Association as successor trustee for (i) the 6.75% senior notes due 2022 and (ii) the 9.25% senior notes due 2023; (f) Milbank LLP, as counsel to the ad hoc group of certain first lien noteholders; (g) Davis Polk & Wardwell LLP, as counsel to the ad hoc group of certain crossover noteholders; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (l) the state attorneys general for states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

21.     WHEREFORE, the Reorganized Debtors respectfully request that the Court enter the Final Decree, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
November 8, 2019

/s/ *Matthew D. Cavenaugh*

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:        (713) 752-4200
Facsimile:         (713) 752-4221
Email:             mcavenaugh@jw.com
                   jwertz@jw.com

*Co-Counsel to the Reorganized Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Brian E. Schartz, P.C. (TX Bar No. 24099361)
Anna G. Rotman, P.C. (TX Bar No. 24046761)
609 Main Street
Houston, Texas 77002
Telephone:        (713) 836-3600
Facsimile:         (713) 836-3601
Email:             brian.schartz@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher Marcus, P.C. (admitted *pro hac vice*)
Anthony R. Grossi (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:         (212) 446-4900
Email:             christopher.marcus@kirkland.com
                   anthony.grossi@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
James H.M. Sprayregen, P.C.
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:         (312) 862-2200

*Co-Counsel to the Reorganized Debtors*

10

## <u>Certificate of Service</u>

I certify that on November 8, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh